IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HECTOR CARRANZA, and LESLIE GOZMAN, ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION FILE |
| ) v. ) ) | NO. _____ |
| CITY CAFE DINERS MORROW ) LLC, GREEN WALLS, LLC, ) JIMMY TSELIOS, and GEORGE ) TSELIOS, ) ) | |
| Defendants, ) ) | |

**COMPLAINT**

Plaintiffs Hector Carranza and Leslie Gozman, by and through counsel, file this Complaint against City Café Diners Morrow, LLC, Green Walls, LLC, Jimmy Tselios, and George Tselios for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and for breach of contract to recover unpaid wages, unpaid overtime pay, liquidated damages, prejudgment interest, costs, and attorneys' fees. Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege that Defendants violated the FLSA by, *inter alia*, (i) failing to pay minimum wage for all hours worked; and (ii) failure to pay overtime premium pay for hours worked over forty (40) within one (1) week, as required by law.

2. Plaintiffs allege that, pursuant to the FLSA, they are entitled (i) to payment for hours worked for which Defendants have refused to pay them; (ii) to liquidated damages pursuant to the FLSA; and (iii) to attorneys' fees and costs of this action pursuant to the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. The parties reside in this district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district and division.

## PARTIES

5. Plaintiffs Carranza and Gozman are residents of Georgia.

6. City Café Diners Morrow, LLC ("City Café, LLC") is a limited liability company with its principal place of business at 1869 Mt. Zion Road, Morrow, Georgia 30260.

7. Green Walls, LLC is a limited liability company with its principal place of business at 1869 Mt. Zion Road, Morrow, Georgia 30260.

8. Jimmy Tselios is a resident of Georgia who, upon information and belief, resides in this district and division.

9. George Tselios is a resident of Georgia who, upon information and belief, resides in this district and division.

## **FACTS**

10. Plaintiffs worked at the City Café Diners Morrow restaurant ("City Café restaurant") located at 1869 Mount Zion Road, Morrow, Georgia 30260 in Clayton County in 2015 and 2016.

11. Defendant City Café, LLC owned and operated City Café restaurant during the relevant period.

12. Defendant Green Walls, LLC also owned and operated City Café restaurant during the relevant period.

13. Defendant Jimmy Tselios also owned and operated City Café restaurant during the relevant period.

14. Defendant Jimmy Tselios generally was in charge of day to day operations of City Café restaurant and had direct communication and interaction with employees, including Plaintiffs.

15. Defendant George Tselios also owned and operated City Café restaurant during the relevant period.

16. Defendant George Tselios and Jimmy Tselios's are father and son; the two ran City Café restaurant together during the relevant period.

17. Defendants maintained records of those hours that Plaintiffs worked for which Plaintiffs were paid.

### Plaintiffs

18. Plaintiffs were employed by Defendants at City Café restaurant during the period three years before the filing of this compliant.

19. At all relevant times, Plaintiffs were non-exempt employees employed by Defendants at City Café restaurant as hourly-paid employees.

20. At all relevant times, Plaintiff Carranza was employed by Defendants at City Café restaurant as a bus boy.

21. Plaintiff Carranza was not paid at least minimum wage for all of his hours worked at City Café restaurant.

22. At all relevant times, Plaintiff Gozman was employed by Defendants at City Café restaurant as a bus boy.

23. Plaintiff Gozman was not paid for all of her hours worked, including overtime, at City Café restaurant.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – FAILURE TO PAY AND TIMELY PAY WAGES FOR ALL HOURS WORKED

24. Plaintiffs repeat and reallege paragraphs 1 through 23 above as though it were fully set forth herein.

25. At all relevant times, City Café restaurant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

26. At all relevant times, Defendants Jimmy Tselios and George Tselios, as owners of City Café restaurant, had control and direction over workplace conditions, operations, personnel, and compensation of City Café restaurant.

27. Defendants Jimmy Tselios and George Tselios, as owners of City Café restaurant, made the decisions to withhold earned pay in violation of the FLSA.

28. At all relevant times, Defendants had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

29. At all relevant times, Plaintiffs were "employees" of Defendants covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

30. At all relevant times, Defendants were Plaintiffs' "employer" engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

32. At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay, and did refuse to pay, Plaintiffs and other non-exempt employees for all hours worked.

33. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. As a result of Defendants' willful failure to compensate Plaintiffs for all hours worked, Defendants violated the FLSA.

35. Due to Defendants' FLSA violations, Plaintiffs were damaged and are entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

36. Plaintiff Gozman repeats and realleges each paragraph numbered 1 through 31 above as though it were fully set forth herein.

37. At all relevant times, Plaintiff Gozman was a non-exempt employee who worked at City Café restaurant as hourly-paid employee and worked in excess of forty hours per week.

38. At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay, and did willfully refuse to pay, Plaintiff Gozman appropriate overtime compensation for all hours worked in excess of forty hours per work week.

39. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. As a result of Defendants' willful failure to compensate Plaintiff Gozman the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, Defendants violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

41. Due to Defendants' FLSA violations, Plaintiff Gozman was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully requests that this Court grant the following relief:

A. Trial by Jury;

B. Award of unpaid wages, as well as all overtime compensation, due under the FLSA to Plaintiffs;

C. Award of liquidated damages to the Plaintiff as a result of Defendants' willful failure to pay for all wages due as well as overtime compensation pursuant to the FLSA;

D. Award of prejudgment and post judgment interest;

E. Award of costs and expenses of this action together with reasonable attorney's and expert fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

This 13th day of July, 2016.

**HALL & LAMPROS, LLP**

/s/ Christopher B. Hall
Christopher B. Hall
Ga Bar No. 318380
Gordon Van Remmen
Ga Bar No. 215512
HALL & LAMPROS, LLP
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309

          (404) 876-8100 telephone
          (404) 876-3477 facsimile
          chall@hallandlampros.com
          gordon@hallandlampros.com
          ATTORNEYS FOR THE
          PLAINTIFF

Plaintiffs' counsel certifies that this complaint is in 14 point Times New Roman font.