## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between City Cafe Diners Morrow, LLC, Green Walls, LLC, Jimmy Tselios, And George Tselios ("Defendants"), on the one hand, and Hector Carranza and Leslie Gozman ("Plaintiffs") on the other. Defendants and Plaintiffs are collectively the "Parties."

1. Purpose. Plaintiffs filed a lawsuit against Defendants on on July 13, 2016 titled *Carranza et al v. City Cafe Diners Morrow LLC et al.*, No. 1:16-cv-02563, USDC Northern District of Georgia (the "Lawsuit") asserting certain wage and hour claims. Defendants deny all of Plaintiffs' allegations. Without admitting any wrongdoing, Defendants desire to resolve all claims, complaints and causes of action between Defendants and Plaintiffs that they now or in the future may allege to have against Defendants. The Plaintiffs similarly wish to resolve all claims, complaints and causes of action they now or in the future allege or may have against Defendants. The Parties enter into this Agreement voluntarily, advised by counsel of their choosing, and in consideration of the mutual covenants and good and valuable consideration contained herein, the receipt and sufficiency of which are hereby acknowledged.

2. Contingencies. The Parties' covenants, obligations, and commitments under this Agreement are contingent on the Court's approval of the release of the wage and hour claims hereunder. The Parties agree to take all action necessary to secure such approval, including the filing of the Joint Motion For Settlement Approval attached as Exhibit A within **three (3) days** from the execution of this Agreement, and appear at any Court mandated or related hearings or conferences. Should the Court deny such approval, the Parties shall work in good faith to attempt to resolve any issues or impediments noted by the Court. If the Parties are unable to resolve any such issues, this Agreement shall be deemed null and void. Notwithstanding the foregoing, the Parties may negotiate a new settlement agreement.

3. Consideration. In consideration of the releases and other covenants contained in this Agreement, the parties agree as follows: Defendant George Tselios shall have no further obligation or responsibility. The remaining Defendants, Green Walls LLC and Jimmy Tselios, will pay a total amount of $1,658.00 payable as follows:

   a. Defendants, Green Walls LLC and Jimmy Tselios, will pay to Plaintiff Carranza the gross amount of Five Hundred Dollars and Zero Cents ($500.00) payable to "Hall & Lampros IOLTA for the benefit of Hector Carranza". This payment is in full satisfaction of all claims Plaintiff Carranza may have for severance and wages, including claimed overtime. This amount will also represent full satisfaction of Plaintiff Carranza's other claims, including, but not limited to, any claims for liquidated damages, emotional distress, pain and suffering, and mental anguish.

   b. Defendants, Green Walls LLC and Jimmy Tselios, will pay to Plaintiff Gozman the gross amount of Five Hundred Dollars and Zero Cents ($500.00) payable to "Hall & Lampros IOLTA for the benefit of Leslie Gozman". This payment is in full satisfaction of all claims Plaintiff Gozman may have for severance and wages, including claimed overtime. This amount will also represent full satisfaction of Plaintiff Gozman's other claims, including, but not limited to,

1

any claims for liquidated damages, emotional distress, pain and suffering, and mental anguish.

    c. Defendants, Green Walls LLC and Jimmy Tselios, will pay to Hall & Lampros, LLP the gross amount of Six Hundred Fifty-Eight Dollars and Zero Cents ($658.00) to Hall & Lampros, LLP, Plaintiffs' counsel, in full satisfaction of all claims Plaintiffs may have for attorneys' fees and disbursements, to be paid directly to Plaintiffs' counsel.

These payments shall be made to Plaintiffs' counsel on or before August 15, 2017.

4.    Dismissal. Within three (3) days from the Defendants' payment due pursuant to the previous section, the Parties shall file with the Court a Stipulation of Dismissal with prejudice, with each party bearing its own costs and fees.

5.    Wage Payment Acknowledgement. Plaintiffs specifically represents, warrants and confirms that he has been properly paid for all hours worked for the Defendants, including for overtime, meal periods, and rest periods, to which Plaintiffs may have been entitled under any federal, state or local law, including the Fair Labor Standards Act, under contract, or in equity.

6.    General Release by Plaintiffs. Plaintiffs and Plaintiffs' heirs, executors, administrators, and assigns forever waive, release, and discharge the Defendants, all of its agents, representatives, present and former employees, officers, directors, owners, shareholders and agents (the "Releasees") from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Plaintiffs has ever had against the Releasees by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter up to and including the date of Plaintiffs' execution of this Agreement, including, but not limited to:

    (a)    any claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (with respect to existing but not prospective claims), the Equal Pay Act, the Plaintiffs Retirement Income Security Act (with respect to unvested benefits), the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866, the Fair Credit Reporting Act, the Plaintiffs Adjustment and Retraining Notification Act, the Genetic Information Non-Discrimination Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Uniform Services Employment and Reemployment Rights Act, the Georgia Equal Pay Act, the Georgia Prohibition of Age Discrimination in Employment Act, the Georgia Equal Employment for Persons with Disabilities Code, any local laws, codes or ordinances, amendments or regulations promulgated pursuant to any of the foregoing and/or any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released, all as amended; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

    (b)    any claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, sick pay, or severance;

(c) any claims arising under tort, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress; and

(d) any and all claims for monetary or equitable relief, including, but not limited to, attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties.

Importantly, Plaintiffs do not waive, release, or discharge: (i) any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency, although the Plaintiffs waives any right to monetary relief related to any such a charge or administrative complaint except as to Securities and Exchange Commission whistleblower claims; and (ii) claims which cannot be waived by law, such as claims for unemployment benefit rights and workers' compensation; and (iii) any rights to vested benefits, such as pension or retirement benefits.

7. **No other claims.** Plaintiffs represent and warrant that Plaintiffs have: (a) filed no claims, lawsuits, charges, grievances, or causes of action of any kind against the Releasees outside of the Lawsuit; and (b) has not transferred or assigned to any person or entity not a party to this Agreement any claim or right released hereunder, and Plaintiffs agree to indemnify the Defendants and hold it harmless against any claim (including claims for attorneys' fees or costs actually incurred, regard-less of whether litigation has commenced) based on or arising out of any such assignment or transfer; and (c) Plaintiffs did not suffer any work-related injury or illness within the twelve (12) months preceding Plaintiffs' execution of this Agreement, and Plaintiffs are not currently aware of any facts or circumstances that would give rise to a worker's compensation claim against the Defendants.

8. **No Admission of Liability.** Nothing herein shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. The Defendants specifically disclaim and deny any wrongdoing or liability to Plaintiffs.

9. **Construction.** This Agreement was jointly drafted by the Parties with the assistance of counsel. In the event that an ambiguity or question of intent or interpretation arises, no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

10. **Governing Law.** This Agreement, for all purposes, shall be construed in accordance with the laws of Georgia without regard to conflict-of-law principles.

11. **Entire Agreement.** This Agreement contains all of the understandings and representations between Defendants and Plaintiffs relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

12. **Modification and Waiver.** No provision of this Agreement may be amended or modified unless agreed to in writing and signed by the Parties. No waiver by either of the Parties of any breach by the other of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by either of the Parties in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

13. **Severability.** The provisions of this Agreement shall be severable. If any provision is found to be unenforceable, in whole or in part, the remainder shall be enforceable and binding. A court of appropriate jurisdiction may modify or reform the provision or restriction in question to the extent necessary to make it reasonable and enforceable to the maximum extent permitted by law.

14. **Counterparts.** The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties execute this Agreement

WORKER

_____
Hector Carranza
*Individually*
Date: Jul/16/17

WORKER

_____
Leslie Gozman
*Individually*
Date: Jul/16/17

City Cafe Diners Morrow, LLC, Green Walls, LLC, Jimmy Tselios, And George Tselios

_____
Name: Jimmy TSELiOS
*Individually and for the Defendants*
Date: 7/31/2017